```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**JEFFREY DAJUAN ALLEN,**

       Movant,

v.                                    Case No. 2:06-cv-00710
                                                           Case No. 2:02-cr-00074

**UNITED STATES OF AMERICA,**

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On September 13, 2006, Movant, Jeffrey Dajuan Allen ("Defendant"), filed a letter-form motion, which has been construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket # 141). By standing order, the presiding District Judge referred the motion to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

## PROCEDURAL HISTORY

On February 26, 2002, a complaint was filed against Defendant, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Complaint, # 1, at 1.) The illegal possession arose out of an incident on February 24, 2002, in which a person fired two shots at an unmarked vehicle in which two law enforcement officers were riding. Id., at 2. One of the officers, employed by the West Virginia Division of

Natural Resources, was injured and required surgery.  Id. Defendant was detained (# 13).

On March 26, 2002, a grand jury indicted Defendant on two counts: being a felon in possession of a firearm (Count One), and being a felon in possession of ammunition (Count Two) (# 20).  On May 10, 2002, Defendant entered a guilty plea to Count One, pursuant to a plea agreement.

On September 9, 2002, the then-presiding District Judge, the Hon. Charles H. Haden II, imposed a sentence of 120 months, to be followed by a three year term of supervised release, a fine of $7,500, and a $100 special assessment (# 48).

A notice of appeal was not timely filed by Defendant's retained counsel.  Defendant filed a *pro se* motion to file an appeal on March 10, 2003 (# 51).  The appeal was dismissed for lack of jurisdiction.  United States v. Allen, No. 03-4262 (4th Cir. Sept. 4, 2003).

On September 19, 2003, Defendant filed a motion pursuant to 28 U.S.C. § 2255, asserting, *inter alia*, that he was denied effective assistance of counsel with respect to the filing of a direct appeal.  The undersigned filed proposed findings and recommendation that the Judgment Order be vacated and immediately re-entered, to begin anew the time period for filing a notice of appeal (# 74). On November 17, 2003, Judge Haden adopted the proposed findings, vacated the judgment, and reinstated the judgment immediately (# 75).

Defendant's direct appeal was decided after the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005); based on Booker, the Fourth Circuit affirmed Defendant's conviction, vacated the sentence, and remanded. United States v. Allen, 143 Fed. Appx. 519 (4th Cir. 2005).

During the pendency of the appeal, Judge Haden died. On remand, Defendant's case was reassigned to the Hon. Robert C. Chambers. Resentencing took place on November 1, 2005; Defendant was sentenced to 108 months in custody, to be followed by a three year term of supervised release, with the same fine and special assessment (# 117).

Defendant's direct appeal of his new sentence was unsuccessful. United States v. Allen, 178 Fed. Appx. 227 (4th Cir. 2006). The Fourth Circuit wrote:

> On remand, the district court appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant 18 U.S.C. § 3553(a) factors. Allen contends that the sentence was unreasonable because it was greater than necessary to achieve the congressional sentencing objectives set forth in 18 U.S.C. § 3553(a)(2). However, his claims are not adequate to rebut the presumption that the sentence within the guidelines range is reasonable. *See [United States v.] Green*, 436 F.3d [449,] 456-57. We conclude the sentence imposed by the district court was reasonable. Accordingly, we affirm Allen's sentence.

Id. Defendant filed a petition for a writ of certiorari, challenging the presumption that a sentence imposed within a properly calculated United States Sentencing Guidelines range is a reasonable sentence. The petition was denied on June 29, 2007,

after the Supreme Court issued its decision in <u>Rita v. United States</u>, 551 U.S. ___, 127 S. Ct. 2456 (2007). <u>Allen v. United States</u>, 127 S. Ct. 3044 (2007).

While Defendant's petition was pending before the Supreme Court, he filed this *pro se* letter-motion pursuant to § 2255 on September 13, 2006 (# 141). He filed a supplement on September 25, 2006 (# 145). Unaware of the pending petition for a writ of certiorari, the undersigned ordered the United States to respond, which it did on October 11, 2006 (# 147). Defendant filed a reply on November 2, 2006 (# 148).

### Grounds for Relief

Defendant's first claim is that Judge Chambers erred when he denied Defendant a reduction in offense level based on acceptance of responsibility (# 141, at 1-2). His second claim is that the United States learned of the shooting incident from Defendant's statement, thus violating the use immunity provision of his plea agreement (# 145).

The government's Response asserts that Defendant's claims have been procedurally defaulted, and are substantially [sic; substantively] meritless (# 147).

Defendant's Reply asserts that he can show "cause and actual prejudice" for failing to raise his first claim on direct appeal, and contends that he is actually innocent of the sentence imposed (# 148). Defendant withdrew his second claim. <u>Id.</u>, at 2.

**Procedural Default/Cause and Actual Prejudice**

The United States argues that Defendant's claim regarding acceptance of responsibility has been procedurally defaulted because it was not raised on direct appeal. (Response, # 147, at 3-4). The government relies on Stone v. Powell, 428 U.S. 465, 477 n.10 (1976), and United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989). Id. The "cause and actual prejudice" standard of United States v. Frady, 456 U.S. 152 (1982), does not apply, because Defendant has not raised constitutional claims. Id.

Defendant does not address the government's point that he is raising a nonconstitutional claim with respect to acceptance of responsibility. He argues that he has shown prejudice because the sentence is longer than permitted, he was denied effective assistance of counsel (without specifying the deficiency), and he is actually innocent of the sentence imposed. (# 148, at 1.)

The undersigned proposes that the presiding District Judge find that Defendant is raising a nonconstitutional issue in his claim that he should have received a downward adjustment for acceptance of responsibility. The decision whether to award a downward adjustment for acceptance of responsibility is simply one factor in determining the appropriate, advisory guideline range for a particular offense. Defendant's sentence was significantly less than the maximum punishment to which he was exposed by his entry of a guilty plea to being a felon in possession of a firearm. The

undersigned is unable to identify any constitutional claim raised by Defendant. Based on the reasoning set forth in United States v. Rowland, 848 F. Supp. 639 (E.D. Va. 1994), it is proposed that the presiding District Judge find that Defendant's claim is procedurally defaulted.

Based on the foregoing, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion and dismiss this matter from the docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

    <u>December 6, 2007</u>                              <u>/s/ Mary E. Stanley</u>
         Date                                    Mary E. Stanley
                                                United States Magistrate Judge