IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEFFREY DAJUAN ALLEN,
        Movant,

v.                                      CIVIL ACTION NO.     2:06-00710
                                          CRIMINAL ACTION NO.  2:02-00074

UNITED STATES OF AMERICA,
        Respondent.

## ORDER

Pending before the Court is Movant Jeffrey Dajuan Allen's Objections to the Magistrate Judge's Proposed Findings and Recommendation [Doc. No. 150] and his Motion to Supplement and/or Amend [Doc. No. 151]. In the Proposed Findings and Recommendation, the Magistrate Judge found that Movant requested relief pursuant to 28 U.S.C. § 2255 on two grounds: (1) this Court erred when it denied him a reduction for acceptance of responsibility and (2) the Government violated the use immunity provision of his plea agreement. The Government responded by asserting that Movant has raised non-constitutional claims which were not raised on direct appeal and, therefore, they are waived. In addition, the Government asserted that, even if the claims are accorded constitutional significance, they are procedurally barred because Movant failed to establish "cause and prejudice" as set forth in *United States v. Frady*, 456 U.S. 152 (1982).

The Magistrate Judge noted that Movant withdrew his second claim in his Reply but, with respect to acceptance of responsibility, he asserts "he can show 'cause and actual prejudice' for failing to raise his first claim on direct appeal[.]" *Proposed Findings and Recommendation*, at

4. Movant "argues that he has shown prejudice because the sentence is longer than permitted, he was denied effective assistance of counsel (without specifying the deficiency), and he is actually innocent of the sentence imposed." *Id*. (citing Doc. No. 148, at 1). Upon consideration of these arguments, the Magistrate Judge found no constitutional claim existed and recommended that this Court find Movant's claim is procedurally defaulted.

In his Objections and his Motion to Supplement and/or Amend, Movant seeks to explain his ineffective assistance claim. Specifically, Movant states that his counsel instructed him to lie and deny that he shot the victim in this case, Dennis Painter. As a result of denying relevant conduct, Movant was denied acceptance of responsibility.

As Movant is acting *pro se*, the Court finds it is appropriate to consider his elaboration of his ineffective assistance of counsel claim and, therefore, **GRANTS** his Motion to Supplement and/or Amend [Doc. No. 151]. As the Magistrate Judge did not have reason to address this issue in her original Findings and Recommendation, the Court **REMANDS** Movant's ineffective assistance of counsel claim to the Magistrate Judge for further Findings and Recommendation on that claim. As Movant does not challenge the remainder of the Findings and Recommendation in his Objections, the Court **ADOPTS AND INCORPORATES** those Findings and Recommendation to the extent they are not inconsistent with any additional decision on the ineffective assistance of counsel claim.

Accordingly, the Court **ADOPTS AND INCORPORATES, in part,** the Finding and Recommendations of the Magistrate Judge and **REMANDS** Movant's ineffective assistance of counsel claim back to the Magistrate Judge for further consideration.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented parties, and the Honorable Mary E. Stanley.

ENTER: June 17, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE